IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRANDON LEE BEVERLY,**

    **Plaintiff,**

**v.**                                                         **CIVIL ACTION NO. 2:05cv75**
                                                                        (Judge Maxwell)

**DAVID A. Proctor, M.D.,**
**BOBBY HAMRICK, Supervisor,**
**Huttonsville Correctional Center,**

    **Defendants,**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On September 6, 2005, plaintiff filed a complaint under 42 U.S.C. §1983 in the United States District Court for the Southern District of West Virginia against a medical doctor as well as a supervisor employed by the Huttonsville Correctional Center. The complaint alleges a claim concerning improper medical treatment. The case was transferred to this Court on September 19, 2005, pursuant to 28 U.S.C. §1391(b). This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)[1]

## I. THE COMPLAINT

The plaintiff alleges that Dr. Proctor excised 1 ½ inches from his shoulder blade for a

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

biopsy. The plaintiff further alleges that the procedure was performed at the Huttonsville Correctional Facility as opposed to a hospital, where it should have been performed. The plaintiff maintains that Dr. Proctor failed to give him antibiotics, and as a consequence, he developed a severe infection. The plaintiff asserts that as a result, his stitches "busted" and the wound drained pus and blood. As relief, the plaintiff is seeking monetary damages for "pain mental suffering" so that when he is released from incarceration he can have a plastic surgeon repair his shoulder.

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327

## III. ANALYSIS

### A. Defendants Did Not Violate Plaintiff's Eighth Amendment Rights.

It appears that plaintiff has completely exhausted his administration remedies as required by 42 U.S.C. §1997e. Thus, the undersigned has reviewed the Complaint to determine whether plaintiff has stated a claim on which relief can be granted. It is recommended that plaintiff's complaint be dismissed because he has failed to demonstrate that defendants violated his constitutional rights in the manner in which they pursued treatment of the growth on his shoulder blade.

To state a claim under the Eighth Amendment, plaintiff must show that defendants acted with deliberate indifference to serious medical needs of a prisoner. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). When dealing with claims of inadequate medical attention, the objective component is satisfied by a serious medical condition.

A medical condition is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd

Cir.1987) *cert. denied,* 486 U.S. 1006 (1988).[2]

A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347. Thus, while failure to provide recommended elective knee surgery does not violate the Eighth Amendment, Green v. Manning, 692 F.Supp. 283 (S.D. Ala.1987), failure to perform elective surgery on an inmate serving a life sentence would result in permanent denial of medical treatment and would render the inmate's condition irreparable, thus violating the Eighth Amendment. Derrickson v. Keve, 390 F.Supp. 905,907 (D.Del.1975). Further, prison officials must provide reasonably prompt access to elective surgery. West v. Keve, 541 F. Supp. 534 (D. Del. 1982) (Court found that unreasonable delay occurred when surgery was recommended in October 1974 but did not occur until March 11, 1996.)

The subjective component of a "cruel and unusual punishment" claim is satisfied by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[2] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kansas 1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

inference." Farmer, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

After reviewing all matters of record, the undersigned finds that plaintiff's shoulder mass does not constitute a serious medical condition. A biopsy sample was taken of the tissue in the knot on his shoulder. The results of the biopsy revealed that it was a "fatty tumor", which in Dr. Proctor's required no further medical intervention. In addition, Dr. Proctor concluded that additional surgery presented a greater risk than would be generated if no further treatment was performed.

Consequently, the undersigned recommends that plaintiff's complaint be dismissed because he did not suffer from a serious medical condition and defendants were not deliberately indifferent to plaintiff's medical needs.

**B. Defendants are Immune**

Plaintiff has not indicated whether he is suing defendants in their official or individual capacity or both. A plaintiff does not need to plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983. Bings. v. Meadows, 66 F.3d 56, 60 (4th Cir. 1995). In determining which capacity a defendant is sued, the court should "examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings." Id. at 61. Factors indicating that suit has been filed against a defendant in a personal capacity are "the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint, . . . a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits," and whether defendants raised the defense of qualified immunity. Id. at 61.

Plaintiff does not allege that the defendants relied upon any policy or custom. Further, plaintiff seeks at least compensatory damages from defendants. Thus, the undersigned concludes that plaintiff is suing defendants in their individual capacity.

With regard to defendant Hamrick, plaintiff has failed to demonstrate that he had any involvement in the decision not to remove the fatty tumor. The Fourth Circuit Court of Appeals has held that a medical treatment claim cannot be brought against non-medical personnel unless they were personally involved with a denial of treatment; deliberately interfered with the prison physicians' treatment; or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990).

Thus, the undersigned recommends that the complaint against defendant Proctor be dismissed because plaintiff has failed to demonstrate that he was involved in any decision to deny him treatment. Even if defendant Hamrick were involved with the decision not to provide plaintiff with further surgery, he and Dr. Proctor are entitled to qualified immunity.

Prison officials are entitled to qualified immunity unless "they have engaged in conduct that violates 'clearly established constitutional rights of which a reasonable person would have known.'" Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992), *citing* Harlow v. Fitzgerald, 457 U.S. 800 (1982). The qualified immunity defense protects individuals who have committed a "'good faith' mistake of judgment traceable to unsettled law, or faulty information, or contextual exigencies" but does not protect "the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335 (1986); Doe v. Broderick, 225 F.3d 440, 446 (4th Cir. 2000).

Qualified immunity may be established by showing (1) the right allegedly violated was not "clearly established" at the time, or (2) though "clearly established," the right was one that a

6

reasonable person in the official's position could have failed to appreciate would be violated by his conduct. Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir.1992).

While a prisoner has a right to proper care for a serious medical condition, as noted in the prior section, there is nothing in the record which supports finding that Plaintiff's Eighth Amendment rights were violated by the decision not to remove the mass in the plaintiff's shoulder, or any follow-up treatment to the biopsy. Therefore, the individual defendants are entitled to qualified immunity.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint be DISMISSED under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff..

DATED: April 21, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985)